UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALFREDO JAVIER LUNA,

    Petitioner,                                  Case No. 1:11-cv-1018

v.                                                HON. JANET T. NEFF

CARMEN D. PALMER,

    Respondent.
_____/

**OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

**I.**    **Procedural Default**

Petitioner objects to the Magistrate Judge's conclusion that his Confrontation Clause claims (Grounds II and III) are procedurally defaulted and may not be reviewed by this Court. Petitioner fails to demonstrate any error in the Magistrate Judge's analysis or conclusion. Moreover,

Petitioner's disjointed series of bare assertions lack merit because Petitioner fails to address, much less satisfy, the relevant legal tests for relief.

First, Petitioner appears to assert that this Court, by denying his motion to stay these proceedings, has impeded his ability to demonstrate cause excusing his procedural default of his Confrontation Clause claims. It is true that this Court denied Petitioner's motions to stay the proceedings for Petitioner to return to state court to exhaust his ineffective assistance of counsel claims. However, Petitioner's objection disregards the fact that the motions were denied due to Petitioner's own failure, on two separate occasions, to satisfy the requirements necessary under *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) for a stay to be granted (R&R, Dkt 35 at 31 n.5). Thus, contrary to Petitioner's argument, the fault rests wholly with Petitioner, not with this Court, and the Magistrate Judge properly concluded that Petitioner did not demonstrate cause excusing his procedural default (*see* R&R, Dkt 35 at 31).[1]

Second, Petitioner contends that "it would be manifestly unjust to now deny him de novo review of Grounds II and III" (Pet'r Obj., Dkt 36 at 4). Petitioner's bare, conclusory assertion again fails to satisfy the appropriate legal standard. Petitioner can overcome the procedural default under the miscarriage-of-justice exception only by showing that, "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt

---

[1]Additionally, with respect to the procedural posture of the case, Petitioner "objects to the Magistrate's statement that 'he has not explained his failure to object'" and contends that this Court prevented him from showing ineffective assistance of counsel (Pet'r Obj., Dkt 36 at 2). As the Court has stated multiple times throughout this proceeding, Petitioner has failed to show that his ineffective assistance of counsel claim is even *potentially* meritorious (*see* Dkt 10 at 2-3; Dkt 11; R&R, Dkt 35 at 31 n.5). Here again, Petitioner merely alleges that trial and appellate counsel were ineffective, without providing any analysis. Considered in context, the Magistrate Judge's statement was not inaccurate. Regardless, the objection to the Magistrate Judge's statement is immaterial to the merits of Petitioner's claims.

(R&R, Dkt 35 at 29, citing *House v. Bell*, 547 U.S. 518, 536 (2006)).  Here, Petitioner has not provided *any* new evidence.  In his objection, Petitioner merely reasserts that his procedurally defaulted Confrontation Clause claims are meritorious (Pet'r Obj., Dkt 36 at 4).  Petitioner's objections fail to demonstrate any error in the Magistrate Judge's analysis or conclusion.  Therefore, the Magistrate Judge properly concluded that Petitioner "cannot demonstrate manifest injustice caused by the procedural default" (R&R, Dkt 35 at 31).

In sum, the Magistrate Judge properly concluded that Petitioner's claims for relief under Grounds II and III were procedurally defaulted.

## II.     Sufficiency of the Evidence

Petitioner argues that the Magistrate Judge improperly concluded that there was sufficient evidence to sustain Petitioner's convictions (Pet'r Obj., Dkt 36 at 4).

Petitioner's argument is without merit.  In Petitioner's view, "[t]he evidence against him was characterized by uncertainties and discrepancies, was patently incredible and in some instances impossible" (*id.* at 5).  Petitioner contends that the evidence tells the story of an impulsive killing rather than a premeditated murder.  Petitioner's argument demonstrates only that the evidence at trial may have been susceptible to more than one interpretation.  But as the Magistrate Judge properly stated, the *Jackson* standard "recognizes the trier of fact's responsibility to resolve reasonable conflicts in testimony, to weigh evidence, and to draw reasonable inferences from basic facts to ultimate facts" (R&R, Dkt 35 at 20, citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Petitioner's assertion that "the modicum of evidence necessary to satisfy the Due Process Clause is itself a federal question" (Pet'r Obj., Dkt 36 at 4, citing *Coleman v. Johnson*, 132 S. Ct. 2060 (2012)) misunderstands the standard of review that the habeas court must apply.  In *Coleman*,

3

the Supreme Court reversed a Third Circuit Court of Appeals' decision to overturn the petitioner's conviction. 132 S. Ct. 2060, 2065 (2012). The Supreme Court stated that "[u]nder the deferential federal standard, the approach taken by the Court of Appeals was flawed because it unduly impinged on the jury's role as factfinder …. This deferential standard does not permit the type of fine-grained factual parsing in which the Court of Appeals engaged." *Id.* at 2064.

Here, Petitioner expressly asks this Court to take the approach that the Supreme Court found to be flawed in *Coleman*: to interfere with the jury's role as factfinder and resolve discrepancies that were already resolved by the jury at Petitioner's trial. The Supreme Court has been clear about the role of the habeas court:

> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be . . . to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt."

*Jackson*, 443 U.S. at 318-19 (quoting *Woodby v. INS*, 385 U.S. 276, 282 (1966)).

Petitioner's contention that the Court "must conduct a 'meticulous review of the record' in order to determine if there was sufficient evidence presented in the case" (Pet'r Obj., Dkt 36 at 4, citing *Nash v. Oberlin*, 437 F.3d 519 (6th Cir. 2006)) similarly fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. First, the Magistrate Judge reviewed both the record and the state courts' decisions under the proper standard of review, noting that deference is accorded to both the trier-of-fact's verdict, under *Jackson*, and to the state court's consideration of the verdict, under the AEDPA (R&R, Dkt 35 at 20-21, quoting *Davis v. Lafler*, 658, F.3d 525, 531 (6th Cir. 2011)). And second, the Magistrate Judge cited specific evidence from the

4

trial court record that supported both the jury's verdict and the Michigan Court of Appeals' rejection of Petitioner's sufficiency-of-the-evidence claim (R&R, Dkt 35 at 23-24).

In sum, the Magistrate Judge properly concluded that it was not unreasonable for the Michigan Court of Appeals to determine that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt (R&R, Dkt 35 at 20, 24, citing *Jackson*, 443 U.S. at 319).

### III.   Equal Protection Clause and Due Process Clause

Lastly, Petitioner objects to the Magistrate Judge's conclusion that his claimed entitlement to free Spanish translation of his trial transcripts, under the Equal Protection and Due Process clauses, did not warrant habeas relief (Pet'r Obj., Dkt 36 at 5).  Petitioner in essence asserts that he was at a disadvantage during his appeal because he did not understand his trial transcripts, which were in English and provided to him at no cost.  He argues that his rights to equal protection and due process were violated because could not afford to have his transcripts translated from English into Spanish, his native language, and the state did not provide him with free translation services. Petitioner insists that, under *Griffin v. Illinois*, 351 U.S. 12 (1956), he was entitled to free translation of his trial transcripts into his native language because "[t]he whole purpose of *Griffin* was to ensure that all prisoners were on equal footing when taking an authorized state court appeal" (Pet'r Obj., Dkt 36 at 6).

Petitioner fails to demonstrate any legal or factual error in the Magistrate Judge's analysis or conclusion.  Only a state court's violation or unreasonable application of a *clearly established* holding of the Supreme Court can justify habeas relief (R&R, Dkt 35 at 32, citing 28 U.S.C. § 2254(d): *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  *Griffin* does not discuss transcript-

5

translation services. Petitioner's focus on analyzing the intent of the *Griffin* Court in an attempt to demonstrate that *Griffin* should be *extended* to translation services (*see* Pet'r Obj., Dkt 36 at 6) underscores that the clearly established holding of *Griffin* does not require transcripts to be translated into an indigent defendant's native language. Petitioner has not pointed to any clearly established Supreme Court holding that was violated or unreasonably applied in this case.

Therefore, the Magistrate Judge properly concluded that the Michigan Court of Appeals did not violate or unreasonably apply a clearly established holding of the Supreme Court by deciding that the constitution did not guarantee Petitioner free translation of his trial transcripts.

**IV. Conclusion**

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied as to Petitioner's sufficiency-of-the-evidence, equal protection, and due process claims.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable as to each issue asserted. A certificate of appealability will therefore also be denied as to Petitioner's procedurally defaulted Confrontation Clause claims.

Accordingly:

**THEREFORE, IT IS ORDERED** that Petitioner's Objections (Dkt 36) are DENIED, and the Report and Recommendation of the Magistrate Judge (Dkt 35) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.


Dated: December 1, 2014                    /s/ Janet T. Neff
                                           JANET T. NEFF
                                           United States District Judge